Opinion issued August 6, 2026



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-26-00637-CV

_____

**CARVEL JOHNSON, Appellant**

**V.**

**RAMONA DENISE ROBINSON, Appellee**

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-28626**

---

## MEMORANDUM OPINION

Appellant Carvel Johnson, proceeding pro se, filed a notice of appeal from the trial court's order denying his motion for summary judgment signed on June 8, 2026. After we notified him that we lacked jurisdiction over his appeal, he requested that

we treat his appeal as a petition for writ mandamus. We grant his request and deny his petition for writ of mandamus.

## Discussion

"[C]ourts always have jurisdiction to determine their own jurisdiction." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) (internal quotation marks and citation omitted); *see also Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding that jurisdiction is fundamental in nature and cannot be ignored). Whether we have jurisdiction is a question of law we review de novo. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007).

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An appellate court has jurisdiction to consider an appeal from an interlocutory order only if a statute explicitly authorizes an interlocutory appeal. *CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (authorizing appeals from certain interlocutory orders).

Johnson seeks to appeal from the trial court's order denying his motion for summary judgment. Because the order from which Johnson appeals is not a final judgment or otherwise appealable order, we issued a notice directing him to file a response, within 10 days of our notice, demonstrating—with citation to the record,

2

statutes, rules, and case law—why this Court has jurisdiction over his appeal. *See Villarreal v. Zukowsky*, 54 S.W.3d 926, 930 (Tex. App.— Corpus Christi-Edinburg 2001, no pet.) ("[A]ppeals may be had only from final orders or judgments, and interlocutory orders may be appealed only if permitted by statute."). Johnson filed a timely response, but his response does not establish that our Court has jurisdiction over his appeal.[1] To the contrary, his response confirms that he is appealing from the trial court's denial of his summary judgment motion—an order over which we lack appellate jurisdiction. *Stuart v. Puente*, No. 02-25-00641-CV, 2025 WL 3684003, at *1 (Tex. App.—Fort Worth Dec. 18, 2025, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction where appellant "attempt[ed] to appeal from the trial court's order denying his motion for summary judgment").

Perhaps recognizing as much, in his response, Johnson also requests that we treat his appeal as a petition for writ of mandamus. We grant his request and will treat his appeal as a petition for writ of mandamus. *See Bizkeeping Corp. v. Benton*, 714 S.W.3d 857, 863 (Tex. App.—Houston [1st Dist.] 2025, no pet.) ("When appellants timely ask us to construe their appeal as a mandamus petition if appellate jurisdiction is lacking, we do so rather than dismissing the appeal.").

---

[1] Johnson also filed a "Verified Affidavit . . . Regarding Jurisdiction" on July 21, 2026 arguing, among other things, that the challenged June 8 order should be considered final because it "dispose[d] of all claims and parties."

3

To obtain mandamus relief, a relator must establish that the trial court committed a clear abuse of discretion or violated a duty imposed by law and there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). With a few exceptions not applicable here, orders denying motions for summary judgment are not subject to mandamus relief because there is typically an adequate remedy by appeal. *In re Ooida Risk Retention Group, Inc.*, 475 S.W.3d 905, 913 (Tex. App.—Fort Worth 2015, no pet.) (orig. proceeding) ("Mandamus is generally unavailable when a trial court denies summary judgment, no matter how meritorious the motion.").

We thus deny Johnson's petition for writ of mandamus and dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Rivas-Molloy and Guiney.